IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH R. TOSCANO,                          :
                                             :
                        Plaintiff,           :        CIVIL ACTION NO. 14-763
                                             :
        v.                                   :
                                             :
NATIONAL AUTOMOBILE DEALERS                  :
ASSOCIATION d/b/a NATIONAL                   :
AUTOMOBILE DEALERS INSURANCE                 :
TRUST, and EVERCORE TRUST                    :
COMPANY (as trustee for NATIONAL             :
AUTOMOBILE DEALERS INSURANCE                 :
TRUST),                                      :
                                             :
                        Defendants.          :

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                        March 24, 2015

        The plaintiff and his co-owner of an automobile dealership had "key man" life insurance

policies in which they named each other as beneficiaries under their respective policies.  The co-

owner died, and the plaintiff was unable to collect the proceeds under the co-owner's life

insurance policy after the insurer informed him that prior to his death, the co-owner had removed

the plaintiff as the beneficiary of the policy and named two other individuals as beneficiaries.

The plaintiff initially brought an action in state court against a variety of individuals and entities,

including the two beneficiaries.  Although the plaintiff eventually settled that matter with the two

beneficiaries, he did not resolve his claims with the entity (and its trustee) through which he and

the co-owner purchased their policies.  As such, the plaintiff filed another state court action

against these defendants in which he asserted causes of action for breach of contract, breach of

fiduciary duty, and negligence against these two defendants.  The defendants removed the case to

this court, and they now move to have the court dismiss the complaint because (1) the plaintiff

has failed to state a claim for breach of contract, (2) the gist of the action and economic loss doctrines bar the plaintiff's breach of fiduciary duty and negligence claims, and (3) the plaintiff cannot prove that the defendants caused his damages.  The court is constrained to agree that the plaintiff has failed to state a claim for breach of contract, the gist of the action doctrine bars his breach of fiduciary duty claim, and the economic loss doctrine bars his negligence claim. Accordingly, the court will dismiss the case without prejudice.

## I.      ALLEGATIONS AND PROCEDURAL HISTORY

William Keyte ("Keyte") and Thomas F. Murphy ("Decedent") previously owned an automobile dealership known as Northeast Lincoln Mercury, Inc. ("Northeast Lincoln").  Notice of Removal ("Notice"), at Ex. A, Compl. at ¶ 6 & Ex. A, Doc. No. 1.  In approximately 1986 or 1987, Keyte and Decedent purchased "key man" life insurance policies for the benefit of Northeast Lincoln from The Prudential Insurance Company of America ("Prudential").  Compl. at ¶ 6 & Ex. D.  Keyte and Decedent purchased the policies through the National Automobile Dealers Insurance Trust ("NADIT") because Northeast Lincoln, Keyte, and Decedent were members of the National Automobile Dealers Association ("NADA").  *Id.* at ¶ 6.

After Keyte died in 1998, Prudential paid the proceeds of the life insurance policy to Decedent.  *Id.* at ¶ 7.  Also, shortly after Keyte's death, the plaintiff, Kenneth R. Toscano purchased Keyte's share of Northeast Lincoln.  *Id.*  Once the plaintiff became a co-owner of Northeast Lincoln, he and Decedent placed each other as cross-beneficiaries under "key man" life insurance policies.  *Id.* at ¶ 8.

Regarding Decedent's life insurance policy with Prudential (the "Policy"), on or about October 12, 1998, Decedent executed a "Change of Beneficiary and/or Name" form naming Northeast Lincoln as the beneficiary of the Policy and he submitted the form to NADIT.  *Id.* at ¶

2

10.  NADIT recorded the form on October 16, 1998, and sent copies to the plaintiff on October 19, 1998.  *Id.* at ¶ 10 & Ex. A.  NADIT also forwarded the change of beneficiary form to Prudential.  *Id.* at ¶ 11.

After receiving the form, Prudential notified Northeast Lincoln and the plaintiff that Decedent needed to change the beneficiary from Northeast Lincoln to a person.  *Id.* at ¶ 11.  On or about November 30, 1998, NADIT forwarded a change of beneficiary form for Decedent to execute.  *Id.* at ¶ 12.  Decedent executed the form on December 3, 1998, naming the plaintiff as the beneficiary.  *Id.* at ¶ 12 & Ex. B.  Prudential eventually received the form, and the plaintiff received confirmation of the beneficiary change.  *Id.*

Since 1998, the plaintiff or Northeast Lincoln paid all premiums under the Policy, and NADIT submitted the bills to the plaintiff.[1]  *Id.* at ¶ 13.  The plaintiff never received notice that the beneficiary of the Policy was anyone other than him.  *Id.* at ¶ 16.

Decedent died on April 19, 2011.  *Id.* at ¶ 17.  Thereafter, the plaintiff attempted to process a claim under the Policy through NADIT, the defendant, Evercore Trust Company (as trustee for NADIT), Gilsbar, Inc. ("Gilsbar") (the third-party administrator for NADIT), and Prudential.  *Id.* at ¶¶ 17, 18.  In particular, he submitted his claim with Gilsbar and Evercore.  *Id.* at ¶ 18.  Prudential refused to pay the plaintiff any proceeds under the Policy because prior to his death, Decedent changed the beneficiaries of the Policy from the plaintiff to Decedent's ex-wife "Silva" and his adult daughter, "Ms. Murphy."  *Id.* at ¶¶ 19, 20.

To attempt to recover the unpaid life insurance proceeds, the plaintiff and Northeast Lincoln commenced an action against Prudential, NADIT, Evercore, Gilsbar, Silva, Ms. Murphy, and Decedent's estate, in the Court of Common Pleas of Philadelphia County.  *See id.* at ¶¶ 27,

---

[1] Based on the payment of premiums, the plaintiff alleges that he "and/or" Northeast Lincoln was the "legal and equitable owner" of the Policy, and only he, Northeast Lincoln, "and/or" Decedent could change the beneficiary of the Policy.  Compl. at ¶¶ 14, 15.

28; Mem. of Law in Supp. of Def.'s Mot. to Dismiss at Exs. B, C.[2]   In this action, the plaintiff

"was forced to enter into a settlement agreement with Silva and [Ms.] Murphy for only a fraction

of the policy proceeds."  Compl. at ¶ 28.

After the resolution of the first state court action, the plaintiff commenced this second

action against NADA, doing business as NADIT, and Evercore in Philadelphia County by filing

a praecipe for a writ of summons on April 18, 2013.  *See* Notice at Ex. A, Doc. No. 1-5.  On

December 23, 2013, the defendants filed a praecipe for the court to enter a rule upon the plaintiff

to file a complaint.  *See id.* at Ex. C.  On January 13, 2014, the plaintiff filed a complaint in

which he asserts causes of action for breach of contract, breach of fiduciary duty, and negligence

against the defendants.  *See id.* at Ex. B.

Regarding the breach of contract claim, the plaintiff alleges that as a member of NADIT

and the purchaser of an insurance policy through them, he relied on the actions of NADIT

concerning the Policy.  Compl. at ¶ 22.  In addition, he claims that Evercore, as NADIT's trustee,

had a duty to him to ensure that any changes to the insurance policy were correctly processed.

*Id.* at ¶ 29.  He asserts that NADIT processed or helped to process a change of beneficiary form

from someone other than the true owner of the policy.  *Id.* at ¶ 24.  In addition, NADIT and

Evercore failed to notify him, as the true (or rightful) owner of the Policy, of the request to

change the beneficiary or of the actual change in beneficiaries.  *Id.* at ¶¶ 25, 30, 31.  If NADIT

and Evercore had notified the plaintiff of the change, he could have taken steps to prevent it such

---

[2] "In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, [*Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 559 (3d Cir. 2002)], and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)). Here, the plaintiff has specifically referenced his underlying lawsuit against the beneficiaries in the complaint. Compl. at ¶¶ 27, 28. The defendants have attached documents related to that action to their memorandum of law in support of the motion to dismiss. Defs. Mem. at Exs. B, C. The plaintiff has not objected to the court's consideration of these documents and, even if he did, they are matters of public record.

as by filing an action for injunctive relief to force Decedent to reinstate him as the beneficiary. *Id.* at ¶¶ 26, 32.  Instead, because the defendants breached their duties, the plaintiff had to sue to obtain "his rightful claim to the policy proceeds," and he eventually entered into a settlement agreement with Silva and Murphy "for only a fraction of the [P]olicy proceeds." *Id.* at ¶¶ 27, 28, 34.

For his breach of fiduciary duty claim, the plaintiff claims that Evercore and NADIT had the duty to protect his interest because he is a member of the National Auto Dealers Association. *Id.* at ¶ 36.  The defendants breached this duty by changing the name of the beneficiary without notifying him as the owner of the Policy.  *Id.* at ¶ 37.  As for the negligence claim, the plaintiff asserts that the defendants were negligent because they failed to advise him of the change in beneficiary. *Id.* at ¶ 41.

On February 4, 2014, the defendants timely removed the action to federal court.  *See* Notice.[3]  The defendants then filed the instant motion to dismiss the complaint and a supporting memorandum of law on February 11, 2014.  *See* Doc. No. 3.  The plaintiff filed a memorandum of law in opposition to the motion to dismiss on March 28, 2014.  *See* Doc. No. 5.  The defendants filed a motion for leave to file a reply brief on April 4, 2014, and the Honorable Norma L. Shapiro granted the motion on April 21, 2014.  *See* Doc. Nos. 6, 7.  The defendants filed a reply brief on April 22, 2014. *See* Doc. No. 8.   On that same date, Chief Judge Petrese B. Tucker reassigned this case to the undersigned.  *See* Doc. No. 9.  The undersigned held an initial pretrial conference with counsel on June 17, 2014.  *See* Doc. No. 12.  The motion to dismiss is ripe for disposition.

---

[3] In the notice of removal, the defendants averred that the court has subject-matter jurisdiction over the action under 28 U.S.C. § 1332.  Notice at ¶¶ 9, 14.  In particular, the defendants assert that the plaintiff is a citizen of the state of New Jersey, NADA is a citizen of the state of Delaware and the Commonwealth of Virginia, and Evercore is a citizen of the state of New York.  *Id.* at ¶¶ 11-13.

## II.    DISCUSSION

In the motion to dismiss, the defendants argue that the court should dismiss the complaint with prejudice under Rule 12(b)(6) because (1) the plaintiff has not properly pleaded a cause of action for breach of contract, (2) the gist of the action doctrine and the economic loss doctrine bar his claims for breach of fiduciary duty and negligence, and (3) the plaintiff cannot prove that the defendants caused his alleged damages.  *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 6-12.  The court addresses each of the arguments in turn.

### A.    Standard of Review – Rule 12(b)(6) Motions

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint."  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "The touchstone of [this] pleading standard is plausibility."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

6

omitted).  In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quotation omitted).  Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

In implementing the overarching plausibility standard, the Court is required to conduct a three-part inquiry.  First, the Court must "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian*, 696 F.3d at 365 (citations omitted).  Second, the Court must identify allegations that are not "entitled to the assumption of truth" because they "are no more than conclusions."  *Id.*  (citations omitted).  Thus, legal conclusions, whether in pure form or "couched as factual allegation[s]," and conclusory factual allegations are not entitled to be assumed true.  *See Iqbal*, 556 U.S. at 678, 681 (quoting *Twombly*, 550 U.S. at 555); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012).  Finally, the Court must "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quotations omitted).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

The Court generally limits this three-part inquiry to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  However, the Court may also properly consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* (citations omitted).

### B.    Analysis

### 1.    Motion to Dismiss Count I – Breach of Contract

The defendants argue that the court should dismiss the plaintiff's cause of action for breach of contract because he has failed to plead any of the required elements for a breach of contract claim.  Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 6, Doc. No. 3.  More specifically, the defendants point out that (1) Decedent, and not the plaintiff, owned the Policy, (2) the plaintiff is merely a beneficiary under the policy and had no "vested right or interest in the proceeds of the policy during the lifetime of the insured," (3) the plaintiff did not attach a copy of the Policy to the complaint or otherwise explain its essential terms, and (4) the plaintiff failed to allege that the terms of the Policy prevented Decedent from changing his beneficiary or otherwise required that the plaintiff receive notice if Decedent changed the named beneficiary.  *Id.* at 6-7 (quoting *Knoche v. Mutual Life Ins. Co. of N.Y.*, 176 A. 230, 231 (Pa. 1934)).  Additionally, the defendants contend that the plaintiff's allegations that he is the legal or equitable owner of the Policy by virtue of his or Northeast Lincoln's payment of premiums are merely legal conclusions without factual support in the complaint and the court should not consider those allegations in determining whether the plaintiff has stated a cognizable claim for breach of contract.  *Id.* at 7.  Finally, the defendants contend that the plaintiff has not shown any causal connection between the failure to notify him about the change in beneficiary designation and his alleged damages.  *Id.* at 11.

In response to the motion, the plaintiff generally contends that the court should not dismiss the complaint because he "was in a contractual relationship with Defendants and has pled sufficient facts to prove the existence of a claim for breach of contract."  Mem. of Law as Pl.'s Opp. to Defs.' Mot. to Dismiss ("Pl.'s Mem.") at 5.  The plaintiff elaborates on this

argument by asserting that because the defendants accepted his (or Northeast Lincoln's) premium payments for more than a decade and knew that he and Decedent were cross-beneficiaries under their respective life insurance policies, they breached an agreement by failing to notify him when Decedent removed him as the beneficiary of the Policy. *Id.*

Despite the plaintiff's arguments to the contrary, the court finds that he has failed to assert a cognizable claim for breach of contract in this case.  Both parties agree as to the allegations necessary to sustain a breach of contract action.  Defs.' Mem. at 6; Pl.'s Mem. at 5. Those elements are "'(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract[,] and (3) resultant damages.'" *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (alteration in original)).  Here, the plaintiff has not included sufficient factual allegations to support a cause of action for breach of contract because he has failed to allege the essential terms of the purported contract with the defendants or the breach of duties actually imposed by the contract.

The gist of the plaintiff's breach of contract claim is that the defendants' failure to notify him that Decedent changed the beneficiary of the Policy constituted a breach of the Policy.  *See* Compl. at ¶ 16 ("From 1998 to the present, no notice of a change of beneficiary was ever presented to Plaintiffs [sic] to show that the beneficiary of the subject policy was anyone other than Toscano. As such, no legal and/or proper change of beneficiary to anyone than Toscano ever took place."); Pl.'s Mem. at 5 ("Defendants failed to notify Plaintiff that Decedent removed Plaintiff as the beneficiary under his policy.  This failure to notify constitutes a breach."). Despite the plaintiff's constant references to a failure to notify, he has completely failed to identify any terms of the Policy that either prevented Decedent from changing the beneficiary or

9

required the defendants to notify him, as the beneficiary, if Decedent changed the beneficiary of the Policy.[4]

The plaintiff appears to try to bypass this failure in his allegations by asserting that he or Northeast Lincoln was also an owner of the Policy by virtue of their payment of the premiums for the Policy.  Compl. at ¶¶ 13, 14.  Presumably, he attempts to assert that he was an owner of the Policy because the Policy apparently allowed the insured to change the named beneficiary (as Decedent did in this case).[5]  Nonetheless, in the first place it is unclear how Northeast Lincoln paying the premiums under the Policy or being a co-owner would help the plaintiff in this particular case considering Northeast Lincoln is not a named plaintiff.  Even if Northeast Lincoln was a named plaintiff, the plaintiff cites to no case law or legal principle that would have placed him or Northeast Lincoln in the position as an owner of the Policy simply by him or Northeast Lincoln paying the premiums.[6]  He also does not assert that he obtained ownership over the

---

[4]In his memorandum of law in opposition to the motion to dismiss and even in the complaint itself, the plaintiff submits allegations and arguments that have unnecessarily complicated the court's review of his claims in this case. For instance, at various points in these documents, it is difficult to ascertain the alleged contract that the plaintiff is claiming that the defendants supposedly breached.  On some occasions, it appears that the plaintiff relies on the policy of life insurance under which he was the named insured and Decedent was the beneficiary as the contract at issue for the breach of contract claim.  In this regard, he alleges in his breach of contract count in the complaint that "as a member of NADIT *and the purchaser of a policy of insurance through them*, [he] was entitle[d] to rely on the actions of NADIT concerning the placement of the policy."  Compl. at ¶ 22 (emphasis added).  According to the complaint, the only policy that the plaintiff possibly purchased was the one naming Decedent as a beneficiary.  *Id.* at ¶ 8.

In addition, as part of his argument in response to the motion to dismiss, the plaintiff discusses "the fact *that [he] was an insured under a policy purchased through Defendants*, and Defendants were aware that [he] was the third party beneficiary of an identical policy held by Decedent (his long time business partner)" evidences that the defendants breached an agreement by failing to notify him of the beneficiary claim. Pl.'s Mem. at 5 (emphasis added).  Although the plaintiff fails to argue how the defendants' alleged knowledge that he was a third-party beneficiary under the Policy is relevant to his breach of contract claim, he equally fails to allege how his other contract of insurance could give rise to a breach of contract claim.  In this regard, there are no allegations that the life insurance policy under which he was the insured contained a provision requiring the defendants to give him notice if Decedent changed the named beneficiary in the Policy.  Presumably, he did not include any such allegations because there would be no such provision in his separate life insurance policy.  Regardless, even if the plaintiff intended to rely on his other contract of insurance as a basis for a breach of contract claim, he has failed to include sufficient allegations to maintain such a claim.

[5] The court has to infer that the Policy allowed the owner to change the named beneficiary through Decedent's prior conduct because the plaintiff does not specifically allege that the Policy permits such a change.

[6] Other than reciting the elements for a breach of contract claim under Pennsylvania law, the plaintiff includes no other case citation in his memorandum addressing the defendants' motion to dismiss the breach of contract claim.

Policy by Decedent assigning him his interest in the Policy, even if the Policy would have allowed for such an assignment.  Furthermore, the plaintiff's allegation that he or Northeast Lincoln was the legal or equitable owner of the Policy is a legal conclusion and not entitled to "an assumption of truth."  *Bistrian*, 696 F.3d at 365 (citations omitted).  Thus, the plaintiff has not sufficiently pleaded that he had any rights whatsoever, other than any rights that he would have had when he was a named beneficiary under the Policy.[7]  Accordingly, as the plaintiff has failed to properly allege the essential terms of the contract that the defendants breached or the particular duties actually imposed by the contract, he has failed to include sufficient allegations that would entitle him to relief under a cause of action for breach of contract.

**2.      Motion to Dismiss Counts II (Breach of Fiduciary Duty) and Count III (Negligence)**

The defendants contend that the gist of the action doctrine and the economic loss doctrine preclude the plaintiff's causes of action for breach of fiduciary duty and negligence in this case. Defs.' Mem. at 9-11.  The gist of the action doctrine "is designed to maintain the conceptual distinction between breach of contract and tort claims."  *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002) (citing *Bash v. Bell Tel. Co.*, 601 A.2d 825, 829 (Pa. Super. 1992)).[8]  In this regard, the "important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus."  *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.*, 663 A.2d 753, 757 (Pa. Super. 1995).  Thus, "the doctrine precludes plaintiffs from re-

---

[7] The plaintiff also does not allege that the Policy provided that the named beneficiary would receive notice if the insured changed the beneficiary designation.

[8] Although the Supreme Court of Pennsylvania has not adopted the gist of the action doctrine, both the Superior Court of Pennsylvania and the United States Court of Appeals for the Third Circuit have predicted that the Court would adopt it.  *See Williams v. Hilton Grp. PLC*, 93 F. App'x 384, 385 (3d Cir. 2004) ("Although the Pennsylvania Supreme Court has not expressly adopted th[e gist of the action] doctrine, we predict that the state supreme court would adopt the doctrine as set out in the Superior Court's cases."); *eToll, Inc.*, 811 A.2d at 14 (acknowledging that Superior Court of Pennsylvania, but not the Supreme Court of Pennsylvania, has adopted the gist of the action doctrine).

casting ordinary breach of contract claims into tort claims." *eToll, Inc.*, 811 A.2d at 14 (citation omitted); *see Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 n.8 (3d Cir. 2002) (explaining that the gist of the action doctrine bars tort claims arising solely from a contract).

As for the economic loss doctrine, it provides that "'no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage.'" *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 (Pa. 2009) (quoting *Adams v. Copper Beach Townhome Cmtys., L.P.*, 816 A.2d 301, 305 (Pa. Super. 2003)). Economic damages include "damage for inadequate value, costs of repair and replacement of defective product, consequential loss of property, without any claim of personal injury." *Id.*

Regarding the gist of the action doctrine, the defendants contend that the plaintiff cannot bring causes of action for breach of fiduciary duty and negligence because the claims are based upon alleged contractual obligations between the parties. *Id.* at 9-11. In response to the defendants' arguments, the plaintiff employs confounding tactics. Although the plaintiff states in the subtitle to the section of his memorandum of law on this issue that "Counts II [(Breach of Fiduciary Duty)] and **III [(Negligence)] Should Not be Dismissed Because the Gist of the Action Doctrine is Inapplicable**," at no point in the plaintiff's argument does he address his negligence claim. *See* Pl.'s Mem. at 5-7 (emphasis added).

Additionally, while the plaintiff generally asserts that the gist of the action doctrine does not apply to this action, *see* Pl.'s Mem. at 6, he appears to then construct an argument for application of the doctrine to his case. More specifically, the plaintiff initiates his argument by pointing out that

> the general rule is that "In Pennsylvania, there is no separate tort-law cause of action against an insurer for . . . breach of fiduciary duty: such claims must be

> brought in contract. The gist of a claim for the breach of an insurer's duties under the contract of insurance (including both fiduciary duties and the duty to exercise due care) is essentially contractual in nature. Relief for such a breach therefore must lie in contract, not in tort."

*Id.* (quoting *New Concept Beauty Acad. v. Nationwide Mut. Ins. Co.*, 1997 U.S. Dist. LEXIS 18992, 8-9 (E.D. Pa. 1997)).[9] The plaintiff next states that this general rule is inapplicable to this case because (1) he was in a ***contractual relationship*** with the defendants as an insured under a life insurance policy, (2) Decedent was in a ***contractual relationship*** with the defendants, (3) the defendants were aware that the plaintiff and Decedent were cross-beneficiaries under their respective policies because they processed changes to the policies and had a duty to ensure that any changes were done correctly, and (4) the defendants failed to notify the plaintiff of the beneficiary change despite accepting the plaintiff's premium payments for over a decade.[10] *Id.*

At no point in his argument does the plaintiff include any cognizable reason why the "general rule" that a plaintiff may not assert causes of action in tort for breaches of duties under an insurance contract. Instead, he reinforces that the alleged breaches are based on the parties' contractual relationship, to the extent one existed. As such, the gist of the action would bar his cause of action for breach of fiduciary duty.

As for the plaintiff's negligence claim, by virtue of the omission of any specific reference to it in his memorandum of law, it appears that he has abandoned any contention that the gist of the action doctrine does not bar this claim. Regardless, even if he had addressed the defendants' argument, the court need not review application of the gist of the action doctrine to this claim because the economic loss doctrine clearly precludes the assertion of a negligence claim in this case. The plaintiff has not alleged any form of physical injury or property damage arising from

---

[9] While it does not take away from the substance of this quotation, the plaintiff's quoted language is not the precise language used in *New Concept Beauty Academy*.

[10] Essentially, the plaintiff appears to restate his arguments against dismissal of the breach of contract claim. *See* Pl.'s Mem. at 5.

the defendants' failure to notify him of the change in beneficiary.  He is clearly seeking only to recover economic losses (those amounts that he was otherwise entitled to as a beneficiary under the Policy); therefore, the economic loss doctrine precludes his cause of action for negligence. Accordingly, the court will dismiss this claim as well.

### III.    CONCLUSION

Based on the allegations in the complaint, the plaintiff obviously feels that he was wrongfully denied life insurance proceeds to which he believes he was entitled to under the Policy when Decedent changed the named beneficiary prior to Decedent's death.  Apparently, the plaintiff's prior action in state court to recover those unpaid proceeds was not as successful as he would have liked and, as a result, he has brought this instant action against the defendants. Unfortunately for the plaintiff, he has not included sufficient allegations to assert a valid breach of contract claim, he has seemingly argued against his own position that the gist of the action doctrine does not preclude his breach of fiduciary duty claim, and he has not attempted to address how the economic loss doctrine does not preclude his negligence claim when he is clearly seeking only economic damages in the form of the unpaid life insurance proceeds.[11] While the court is mindful of the obligation to construe the allegations in the complaint in the light most favorable to the plaintiff and has done so in this case, the court is not obliged to argue his positions or define his legal theories for him.  Accordingly, the court will grant the motion to dismiss, but allow the plaintiff a period of fourteen (14) days from the date of the accompanying order to file an amended complaint if the plaintiff believes that he can remedy the deficiencies in his original complaint that are noted throughout this memorandum opinion.  If the plaintiff fails

---

[11] The defendants also assert that the plaintiff failed to allege a causal connection between the defendants' failure to notify him of a change of beneficiary and his alleged damages. Defs.' Mem. at 11-12.  The court need not address this issue because of the court's resolution of the other issues in the case.

to file an amended complaint within this 14-day period, the court will direct the clerk of court to

close the case without any further notice to the parties.

An appropriate order follows.

BY THE COURT:


/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.